IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD STACKER, also known as | § | |
| ROBERT LEE VIKING, | § | |
| Dallas Cnty. Jail BookIn No. 19007211, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-2951-X-BN |
| | § | |
| TEXAS DEPT OF SAFETY, ET AL., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Richard Stacker, an inmate at the Dallas County Jail, also known as

Robert Lee Viking, has filed a *pro se* Formal Criminal Complaint [Dkt. No. 3] against

multiple state and municipal entities and others, citing 18 U.S.C. § 1961 (the RICO

statute) and asserting that the defendant named "are engaged in Drug Traffic and

Trade, Prostitution, and Sex Traffic." Stacker's complaint resulted in the Court's

opening this civil action, which has been referred to the undersigned United States

magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing

order of reference from United States District Judge Brantley Starr. And the

undersigned enters these findings of fact, conclusions of law, and recommendation

that the Court should dismiss this action with prejudice.

**Legal Standards**

Under the Prison Litigation Reform Act ("PLRA"), where a prisoner – whether

he is incarcerated or detained pending trial – seeks relief from a governmental entity

or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

The fails-to-state-a-claim language of this statute (as well as its sister statute, Section 1915(e)(2)(B)) "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at \*1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). The United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*, 470 F.3d at 1177); internal quotation marks and brackets omitted). These findings,

conclusions, and recommendations provides notice, and the period for filing objections to them affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted)).

Dismissal for failure to state a claim under either Section 1915A(b)(1), Section 1915(e)(2)(B)(ii), or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the PLRA, the IFP statute, nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11. Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

And a district court's authority to dismiss an action that "fails to 'state a claim

for relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

## Analysis

Starting with Stacker's desire to bring criminal charges, "decisions whether to prosecute or file criminal charges are generally within the prosecutor's discretion, and, as a private citizen, [Stacker] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. State of Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005) (per curaim) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)). These claims should be "dismissed … as legally frivolous." *Id.* at 263 (citing *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)).

Citations to Title 18 in a *pro se* plaintiff's civil lawsuit are generally addressed in the same summary manner. *Cf. Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir.1960) ("The sections of Title 18 may be disregarded in this suit. They are criminal in nature and provide no civil remedies."). But "[t]he Racketeer Influenced and Corrupt Organizations Act … 18 U.S.C. §§ 1961-1968 …, imposes criminal <u>and civil</u> liability upon those who engage in certain 'prohibited activities.'" *H.J. Inc. v. Nw. Bell*

*Tel., Co.*, 492 U.S. 229, 232 (1993) (emphasis added).

> The [RICO] statute imposes civil liability for certain types of prohibited conduct. See 18 U.S.C. § 1962(a)-(d). Common elements are present under all four of these subsections. Reduced to their simplest terms, the elements are: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of (4) an enterprise. *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988).

*Gilkey v. Livingston*, Nos. 3:06-cv-1903-D, -1904-D, & 1905-D, 2007 WL 1953456, at *4 (N.D. Tex. June 27, 2007); *accord Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) ("Regardless of subsection, RICO claims under § 1962 have three common elements: '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" (quoting *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996))).

"A 'pattern' requires at least two predicate acts that are related to each other and constitute or threaten long-term criminal activity." *Gilkey*, 2007 WL 1953456, at *4 (citing 18 U.S.C. § 1961(5); *H.J. Inc.*, 492 U.S. at 239; *In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993)). "These requirements keep civil RICO focused on the long term criminal conduct Congress intended it to address, and 'prevent RICO from becoming a surrogate for garden-variety fraud actions properly brought under state law.'" *Malvino v. Delluniversita*, 840 F.3d 223, 231 (5th Cir. 2016) (citations omitted).

Stacker alleges no facts to support civil liability under RICO, so, to the extent that he intended to allege a civil RICO claim by citing to Section 1961, that claim should be dismissed. *Cf. Arroyo v. Oprona, Inc.*, 736 F. App'x 427, 429 (5th Cir. 2018) (per curiam) (affirming dismissal of RICO claims that asserted "violations of ...

predicate facts" but where the allegations were "conclusory").

But Stacker does allege that he

was arrested by the Dallas Police and placed in jail under my former operative name Robert Viking. My Identity has been changed officially by the Texas Dept of Public Safety according to government file. This was about 5 or 6 yrs ago.

Since then, the State, their entourage, myself and members of J.A.G., members of some special operations team have been fighting the whole time. Some members of mt team have fallen also, they went after military personnel and their families. I did what I could [to] defend them. I am now requesting that the federal authorities step-in and engage the state and top this delinquent behavior.

Dkt. No. 3 at 2.

After reviewing these allegations, the undersigned finds that the facts that Stacker does provide in his complaint support claims that are fantastic, delusional, irrational, or wholly incredible. The Court should therefore dismiss this case with prejudice. *Cf. Starrett*, 763 F. App'x at 384 ("Starrett asks us to overturn the district court's dismissal based on outlandish claims of near-constant surveillance, theft of intellectual property, and painful remote communication accomplished using nonexistent technology. These pleaded facts are facially implausible. Dismissal with prejudice was appropriate, the district court did not err …."); *Simmons v. Payne*, 170 F. App'x 906, 907-08 (5th Cir. 2006) (per curiam) ("The district court found that Simmons's assertion of a vast conspiracy by all levels of the state government and federal government was manifestly frivolous because the factual allegations were fanciful, irrational, incredible, and delusional. … Our review of Simmons's complaint convinces us that the dismissal as frivolous was not an abuse of discretion." (citations omitted)); *Kolocotronis v. Club of Rome*, 109 F.3d 767, 1997 WL 115260, at *1 (5th

Cir. Feb. 24, 1997) (per curiam) ("The district court did not abuse its discretion in adopting a magistrate judge's finding that Kolocotronis' allegations, which describe a government plot to spread the AIDS virus throughout the world, were 'fantastic' and 'delusional' and therefore frivolous." (citation omitted)).

### Recommendation

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 25, 2020

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE